1  **Ashwin Ladva (SB# 206140)**
2  **Scott S. Nakama (SB # 296732)**
   **LADVA LAW FIRM**
3  530 Jackson Street, 2nd Floor
   San Francisco, CA 94133
4  (415) 296-8844
   (415) 296-8847 (fax)
5  Ladvalaw@gmail.com
6
   Attorney for Plaintiff
7  Jorge Chavez and others similarly situated
8
9            UNITED STATES DISTRICT COURT FOR THE
10              NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| JORGE CHAVEZ, individually and on behalf of others similarly situated | Case No: |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES.** |
| v. | |
| CRUNCH, LLC and DOES 1-100 | |
| Defendants. | |

       Plaintiff, JORGE CHAVEZ individually and on behalf of all others similarly situated, for their

complaint against CRUNCH, LLC and DOES 1-100, inclusive, as follows:

                    **THE PARTIES**

   1.  Plaintiff JORGE CHAVEZ worked for Defendants in San Francisco County, California.

CHAVEZ worked for Defendants as a non-exempt employee with the job title of personal trainer.

CHAVEZ was not paid for all hours worked, was told to clock-out from work while he continued to suffer and provide benefits to Defendants.

2.   Plaintiff was a non-exempt employees working in the position of personal trainer and as such he should have been provided with all sick pay and/or paid time off ("PTO") at his regular rate of pay. Instead, Defendants paid him the San Francisco minimum wage for all sick pay and/or PTO.

3.   Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, and therefore sues these defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believes, and therefore alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged.  Plaintiffs will amend his complaint to add members of the executive team, owners, and shareholders as permitted under Labor Code 588.1.

4.   Defendant CRUNCH, LLC, (hereinafter "CRUNCH" or "Defendant") is a Corporation with its principal place of business in the State of New York and does business throughout California, including San Francisco County.  CRUNCH is in the business of owning and operating gymnasiums and providing fitness related products to the general public. CRUNCH is an "employer" as defined by the Labor Code and applicable IWC Wage Order(s).

5.   This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), since 1) Plaintiff is a California citizen and Defendants are citizens of different states, 2) there are more than 100 putative plaintiff class members and 3) the amount in controversy exceeds $5,000,000.

## CLASS ACTION ALLEGATIONS

6.     Plaintiff sues, on behalf of himself and all others similarly situated, as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all current and former employees

Complaint for Damages

Case 4:20-cv-02362-JST    Document 1    Filed 04/08/20    Page 3 of 27

who worked in the position of "Personal Trainer" of Defendants in the State of California within the four years preceding the filing of this complaint until final judgment.

7.    Defendants failed to timely pay Plaintiff and Class Members all wages earned at time of their termination.   Defendants also implemented a policy of forcing Plaintiffs and Class members to work off the clock as well as failing to pay them all minimum wages and overtime wages earned. Defendants were also unlawfully paying trainers sick pay and/or PTO at the minimum rate of pay.  As a proximate result, Plaintiffs and Class members suffered damages during all applicable statutes of limitations (the "Class Period").

8.    Within the foregoing class, Plaintiffs seeks to ascertain and represent the following subclasses including but not limited to: (a) All Personal Trainers who were terminated from their employment with Defendants and all Personal Trainers who resigned from their employment with Defendants within three years preceding the filing of this complaint until final judgment; (b) All Personal Trainers who worked for Defendants in the City of San Francisco, California who received paid sick leave within four years preceding the filing of this complaint until final judgment; (c) All Personal Trainers who worked more than 8 hours a day for Defendants within the four years preceding the filing of this complaint until final judgment; (d) All Personal Trainers who worked split shifts for Defendants within the four years preceding the filing of this complaint until final judgment; (e) All Personal Trainers who received itemized wage statements from Defendants within one year preceding the filing of this complaint until final judgment; (f) All Personal Trainers who worked more than four  hours in a shift for Defendants  within four years preceding the filing of this complaint until final judgment; (g) All Personal Trainers who worked more than five hours in a shift for Defendants within four years preceding the filing of this complaint until final judgment; (h) All Personal Trainers who received vacation pay and/or PTO from Defendants within four years preceding the filing of this complaint until final

3

Complaint for Damages

judgment; (i) All Personal Trainers who worked "off the clock" for Defendants within four years preceding the filing of this complaint until final judgment.

9.   The wrongful acts or omissions were and are a uniform practice that affected all putative class members equally.  Defendants, by their practices and policies, have violated the rights of their employees under the California Labor Code, and the Unfair Competition Law.  The questions raised are therefore of common or general interest to the class members, and they have a well-defined community of interest in the questions of law and fact raised in this action.  The only recognizable difference between class members will be the total amounts owed to each individual member.

10. Based on information and belief, Defendants have employed a large number of individuals in the State of California (a number known particularly to Defendants) since the beginning of the Class Period. These individuals have been subject to Defendants' unlawful and wrongful practices, and their numerosity makes it impractical to bring them all before this forum, and disposition of their claims in a class action is a benefit to the parties and to the court.

11. A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recover.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

12. A class action is appropriate since Plaintiffs and class members' damages, although by no means inconsequential, do not rise to the level to make prosecution of individual claims economically feasible for Plaintiffs and class members to pursue.  The burden and expense of individual litigation makes it

economically unfeasible for the members of the class to seek redress other than through a class action. Consequently, there would be a failure of justice but for the maintenance of the present class action.

13. The defenses of Defendants, if such defenses apply, are applicable to the whole class and are not distinguishable as to the proposed class members.

14. The prosecution of individual remedies by members of the class would tend to establish inconsistent standards of conduct for the Defendants and would result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

15. Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

16. Plaintiffs and members of the class have incurred and, during the pendency of this action, will incur attorneys' fees and expenses.  Such attorneys' fees and expenses are necessary for the prosecution of this action and will result in a benefit to the class.

17. Upon information and belief, Defendants were aware of the facts herein alleged at the time they failed to perform the duties alleged herein.

18. The names and addresses of the persons who are members of the class are available from Defendants' records and are therefore known to Defendants.  Notice can be provided to the member of the class by mail, or such other methods of notice as deemed appropriate by the Court, with the costs of any notice to be borne by Defendants.

19. Defendants fail(ed) to pay split shift premiums in violation of Wage Order paragraph 4(c) Defendants routinely failed and fail to pay employees working split shifts (*i.e.* work schedules interrupted by non-paid non-working periods established by the employer, other than *bona fide* meal periods) one hour's pay at the minimum wage in addition to the minimum wage for hours worked that

day. Employees are and were at times scheduled to work multiple shifts in the same day, with an unpaid, non-working break of longer than an hour between the shifts. Additionally, at times Defendants required and require employees to attend meetings that both began and ended hours before the employees' shifts began.

20. **Defendants** fail(ed) to pay all earned wages (including overtime compensation, wages for off-the-clock work, reporting time pay, split shift premiums, and premium pay for missed meal and rest breaks) at least twice a month in violation of Labor Code section 204. As described above, Defendants systematically failed and refused to pay all overtime compensation, minimum wages, and premium pay owed to their employees and required or knowingly permitted employees to perform work off the clock and without compensation. Defendants also failed to pay Plaintiff and Class Members with the correct overtime rate and hourly rate for sick pay and/or PTO. As such, although the employees received pay every two weeks, their wages were not timely paid in full, as required by the statute.

21. **Defendants** willfully fail(ed) to pay all earned wages (including overtime compensation, wages for off-the-clock work, reporting time pay, split shift premiums, and premium pay for missed meal and rest breaks) at the time of an employee's termination or within 72 hours of an employee's resignation in violation of Labor Code sections 201, 202, 203, and 206. For the reasons stated in the immediately preceding paragraph, the employees' earned wages were not timely paid in full following their separation from Defendants.

22. Plaintiffs and the entire Class have been, and/or still are, required to forego meal and rest periods as a term and condition of their employment.

23. The Defendants' unlawful acts and unfair trade practices have affected all members of the Class in a similar manner, i.e., all members of the Class have been unlawfully forced to work off the clock, have payroll records altered and not paid all wages according to statute. As a proximate result, Plaintiffs

Complaint for Damages

and Class members suffered damages.  In addition, Defendants have failed to maintain accurate records of hours worked by employees.  Among the questions of law and fact common to the Class are:

(a)  Whether Defendants violated California wage laws as to Plaintiffs and Class Members.

(b)  Whether Defendants forced Plaintiffs and Class members to work off the clock.

(c)  Whether Defendants violated California overtime wage laws as to Plaintiffs and Class Members.

(d)  Whether Defendants have unlawfully failed to maintain pay records of Plaintiffs and Class members, in violation of the California Labor Code and applicable wage order.

(e)  Whether Defendants have violated California law, including California's Unfair Competition laws (Business & Professions Code §§ 17200, et seq.), and/or California Labor Code § 226.7.

(f)  Whether Plaintiffs and class members are owed waiting time penalties for Defendants' failure to pay all wages owed upon discharge or resignation.

(g)  Whether Defendants violated the California Labor Code by failing to pay reporting time pay and split shift premiums;

(h)  Whether Defendants violated the California Labor Code by failing to provide Class members with meal and rest breaks;

(i)  Whether Defendants violated the California Labor Code by failing to pay Class members premium pay for missed or untimely meal periods and/or missed rest periods;

(j)  Whether Defendants violated the California Labor Code by failing to provide accurate itemized wage statements to Class members containing all information required under California Labor Code Section 226;

(k)  Whether Defendants violated the California Labor Code by failing to keep accurate records of the time worked by Class members, and by failing to provide accurate itemized wage statements of SICK PAY earnings;

(l)  Whether Defendants violated the California Labor Code by failing to pay Class member PTO at class members' regular rate of pay;

(m)  Whether Defendants violated the San Francisco's Paid Sick Leave Ordinance by failing to pay Class members SICK PAY at class members' regular rate of pay;

24. Defendants did not keep accurate payroll records as required by California law. Defendants fail(ed) to keep accurate records in violation of California Labor Code Section 226 and Wage Order paragraph 7(A). Because Defendants require their employees to work off the clock, and because they alter employee time records and failed to pay all split shift premiums, reporting time pay, meal period premium pay, and rest break premium pay, they fail(ed) to maintain and provide Plaintiff and class members with itemized wage statements containing accurate information of all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate,

7

overtime rates, gross wages, net wages,  and total hours worked by each employee. Defendants fail(ed) to maintain accurate information concerning the correct accrual of SICK PAY and the correct rate of pay of SICK PAY and PTO pay. Defendants also failed to provide Plaintiff and class members with itemized wage statements containing the correct hourly rates for sick pay and/or PTO and therefore, also failed to provide itemized wage statements listing the accurate amount of gross and net wages earned during the pay period.

25. Plaintiff's claims are typical of those of the Class he seeks to represent because Plaintiffs and all members of the Class were injured and/or continue to be injured in the same manner by Defendants' illegal acts and practices, and other wrongful conduct complained of herein.

26. Plaintiffs will fully and adequately protect the interests of all members of the Class.  Plaintiffs have retained counsels who are experienced in class action litigation.  Plaintiffs have no interests that are adverse to or in conflict with other members of the Class.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

27. CHAVEZ was an employee of CRUNCH and held the position of Personal Trainer.  CHAVEZ started his employment on or around August 2015.

28. .  At the time Defendant terminated CHAVEZ's employment, Defendant had an obligation to ensure that CHAVEZ was paid all wages owed.  CHAVEZ was not paid all wages owed.  CHAVEZ and all Class Members who have stopped working for CRUNCH are owed waiting time penalties. Plaintiffs and Class Members pay would fluctuate based on the following factors: 1. if working with a client during a personal training session Plaintiffs and Class Members would earn bonuses; 2. type of personal training session sold would determine the amount of said bonus.  Plaintiffs and Class Members would earn $23 - $63 per an hour if performing personal training and minimum wage for all other hours compensated.

29. CRUNCH maintained control, oversight, and direction over Plaintiffs and Class Members (other personal trainers), during his scheduled shifts.

30. CRUNCH in essence failed to compensate Plaintiffs and Class Members for all hours worked.

31. **Upon information and belief, Crunch, LLC fail to provide Plaintiffs, and persons in their employment with meal and rest periods.  Defendants' policies and practices towards its employees violate California Labor Code § 226.7, which provides:**

> **(a)      No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.**
>
> **(b)      If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.**

32. Plaintiffs and Class Members allege that CRUNCH routinely and systematically failed to compensate them for all hours worked.  CRUNCH implemented a policy of coercing its Personal Trainers of working off the clock.  CRUNCH, to implement its policy of wage theft, failed to keep true and accurate time records for all hours worked by Plaintiffs and Class Members.  Plaintiffs and Class Members, in fact, would have time cards altered by management to reduce the number of hours worked.

33. CRUNCH also expected Plaintiffs and Class Members to work off the clock and implemented a policy of having all personal trainers' clock out after each personal training session.

34. As a result of CRUNCH's intentional and deliberate violations of California wage and hour laws, Plaintiffs and Class Members were damaged by having wages, including overtime compensation, withheld from them.  CHAVEZ estimates, without the ability to audit his hours, that he worked approximately 1000 hours per year that he was not compensated.  CHAVEZ estimates,

Complaint for Damages

without the ability to audit his hours, that he worked approximately 600-1000 hours per year that went uncompensated.

35. Plaintiff and Class Members were also forced to work multiple hours without compensation which resulted in them receiving less than the minimum wage.

36. Plaintiff and Class Members allege that CRUNCH routinely and systematically fail(ed) to maintain accurate information concerning the correct accrual of SICK PAY and the correct rate of pay of SICK PAY and PTO pay.

37. Plaintiff was laid-off on April 1, 2020.

### *FIRST CAUSE OF ACTION*
**For Willful Violations of California Labor Code §§ 1194 (a), 510 and 204 –
Failure to Pay All Wages and Overtime Under California Law
(Against All Defendants)**

38.      Plaintiffs and Class Members repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

39.      Under California law, the Defendants were required to pay wages for each hour worked, and overtime wages when non-exempt employees work over 8 hours in a day or 40 hours in a week by calculating the hourly rate and then computing the overtime premium amount owed.  Plaintiffs and Class Members have worked for Defendants without being paid for all hours worked, regular and overtime.

40.      As a result of the Defendants' violation of statutory duties to comply with statutory wage requirements, as more fully set forth above, Plaintiffs and Class Members were damaged in an amount above the jurisdictional limits of this Court.

41.      Defendants had a policy and practice of not including all wages, earnings, commissions and bonuses in the calculation of overtime. This resulted in Plaintiffs being underpaid for all hours worked.

42.      Plaintiffs and Class Members seek as damages all wages owed to Plaintiffs and Class Members by the Defendants.

Complaint for Damages

43.      Plaintiffs and Class Members are entitled to, and therefore request, an award of pre-judgment interest on the unpaid wages set forth herein.

44.      Plaintiffs and Class Members have incurred, and will continue to incur attorneys' fees and costs in the prosecution of this action.  Plaintiffs and Class Members seek attorneys' fees under all applicable provisions of law.  Wherefore, Plaintiffs prays judgment as set forth herein below.

### *SECOND CAUSE OF ACTION*
### For Willful Violations of Labor Code § 226
### (Against All Defendants)

45.      Plaintiffs and Class Members repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

46.      The Defendants knowingly and intentionally failed to maintain accurate pay records, failed to provide accurate wage statements, and failed to allow plaintiffs and Class Members to inspect pay records upon request, in violation of California Labor Code § 226.

47.      Under Labor Code section 226(a), "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for an employee whose compensation is solely based on salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicableodre of the Industrial Welfare Commission . . . (5) net wages earned… and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

48. An employee suffering injury as the result of a knowing and intentional failure by an employer to comply with Labor Code section 226(a) may recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand

Complaint for Damages

dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

49. An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more items (1) through (9), inclusive, of subdivision (a) of Labor Code section 226 and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:  (i) the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement under items (2) to (4), inclusive, (6), and (9) of subdivision (a); (ii) which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period; (iii) the name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period; and (iv) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.  Labor Code § 226(e)(2)(A), (e)(2)(B)(i)-(iv). "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

50. During the relevant time period(s), Defendants failed to provide accurate and complete itemized wage statements to Plaintiff and other former and current employees of Defendants, in violation of Labor Code section 226(a).

51.        WC Wage Order No. 2-2001 paragraph 7 provides additionally, in pertinent part, as follows: Every employer shall keep accurate information with respect to each employee including the following: * * * (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. … (5) Total hours worked in the payroll period and applicable rates of pay. * * * Every

Complaint for Damages

employer shall semimonthly or at the time of each payment of wages furnish each employee …
an itemized statement in writing showing: (1) all deductions…

52.      Defendants have violated the above Labor Code section and Wage Order with respect to Plaintiff and the Class members by failing to keep accurate time records showing all hours worked, overtime rates, rates of pay for paid sick leave, rates of pay for PTO, rates of pay for vacation pay, and failing to provide Plaintiff and class members with accurate itemized statements of their gross wages, net wages,  all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, hourly rates for sick pay, hourly rates for PTO, total hours worked, and the amounts lawfully deducted from wages.

53.      As a direct result of the Defendants failure, Plaintiffs and Class Members were injured and are entitled to recover an amount to be proved at trial.

54.      Plaintiffs and Class Members are entitled to statutory penalties and attorneys' fees pursuant to Labor Code § 226 and California Code of Civil Procedure § 1021.5.  Wherefore, Plaintiffs and Class Members prays judgment as set forth herein below.

### ***THIRD CAUSE OF ACTION***
### FAILURE TO PAY MINIMUM WAGE-VIOLATIONS OF CALIFORNIA LABOR CODE SECTIONS 1194(a), 1194.2, AND 1197
**(Against all Defendants)**

55.    Plaintiffs and Class Members repeat and reallege the preceding and subsequent paragraphs as set forth herein.

56.    Cal. Lab. Code §1194(a) provides: Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. Cal. Lab. Code §1197 provides, "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less the minimum so

Complaint for Damages

fixed is unlawful." Cal. Lab. Code §1194.2 provides in relevant part that: "In any action under...Section 1194 to recover wages because of a payment of wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

57. As a result Plaintiffs and Class Members suffered damages and are entitled to wages due him, liquidated damages, and attorneys' fees under all applicable provisions of law.

### *FOURTH CAUSE OF ACTION*
### For Willful Violations of California Labor Code §§ 201, 202, 203, and 203.1 – Failure to Pay all Owed Wages Upon Discharge or Quitting; Waiting Time Penalties (Against All Defendants)

58. Plaintiffs and Class Members repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

59. At all times relevant, Plaintiffs and the Class members were covered by the provisions of California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due immediately upon discharge or 72 hours after an employee quits, and/or when the wages became due at the end of each pay period (for all overtime hours worked).  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages

60. At all times relevant, Plaintiff and the Class members were covered by the provisions of California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due immediately upon discharge or 72 hours after an employee quits, and/or when the wages became due at the end of each pay period (for all minimum wages, overtime wages, split shift premiums, meal period premium pay, rest break premium pay, SICK PAY, vacation pay, and/or PTO wages).  California Labor

Complaint for Damages

Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages

61. Plaintiffs and Class members are entitled to unpaid compensation, but to date have not received such compensation. Defendants failed to pay Plaintiffs and Putative Class members' earned wages on the date of the termination in the case of a discharge or a voluntary quit with more than 72 hours prior notice, or within 72 hours of the termination of the employment relationship in the case of a voluntary quit without such prior notice.

62. Plaintiffs and Class members' wages should never have been deducted and they should never have been forced to work off the clock. Defendants failed to return Plaintiffs and Class members' improperly deducted wages on or before the date of Class Members resignation or termination. Defendants failed to return to Plaintiffs and Class members' improperly deducted wages on the date of the termination in the case of a discharge or a voluntary quit with more than 72 hours prior notice, or within 24 hours of the termination of the employment relationship in the case of a voluntary quit without such prior notice. As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Plaintiffs and Class members are entitled to 30 days wages as penalty under Labor Code § 203 & Industrial Welfare Commission Order No. 2-2001 together with interest thereon and attorneys' fees and costs. Wherefore, Plaintiffs prays judgment as set forth herein below.

### FIFTH CAUSE OF ACTION
### For Violations of California Business and Professions Code Sections 17200, et seq.
### Based Upon Defendants' Unfair Business Acts and Practices
### (Against All Defendants)

63.     Plaintiffs and Class Members repeats and reallege the preceding and subsequent paragraphs as though set forth herein.

Complaint for Damages

64.       Plaintiffs and Class Members further brings this action pursuant to the Business and Professions Code Sections 17200, et seq., seeking restitution for monies owed for regular and overtime wages.

65.       The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." Plaintiffs have standing to bring this claim because he is a direct victim of the Defendants illegal and unfair business practices, which Defendants engaged in for their sole financial benefit.

66.       Defendants, and each of them, are "persons" as defined under Business and Professions Code § 17201. Each of the directors, officers, and/or agents of Defendants, and each of them, are equally responsible for the acts of the other directors, officers, employees and/or agents as set forth in the Business and Professions Code § 17095.

67.       Plaintiffs bring this action in the interest of the public pursuant to § 17203 of the California Business and Professions Code. Plaintiffs bring this cause of action seeking restitution for the Defendants failure to pay Plaintiffs and Class Members regular and overtime wages and failing to pay all wages owed upon termination or resignation.

68.       Plaintiffs and Class Members brings this action to pursue claims during a 4-year statute of limitations under § 17208 of the California Business and Professions Code.

69.       The following practices of Defendants, and each of them, are unlawful and unfair business practices under California Business and Professions Code §§ 17200 et seq.:

      (a)   failure to pay all regular and overtime wages, in violation of the California Labor Code and all other applicable laws;

      (b)   failure to maintain accurate pay records, and make those records available for inspection upon request by employees;

      (c)   failure to comply with California minimum wage laws;

      (d)   failure to pay all wages upon termination or resignation;

      (e)   unjust enrichment due to the failure to pay wages, including overtime wages.

(f)    miscalculation of employees Overtime Wage Rate: failed to include all sales commissions, bonus rate of pay, varying wage rates and other wages in the calculation of Plaintiffs and California class members' overtime rate;

(g)    failure to provide rest breaks and meal periods pursuant to the California Labor Code and IWC wage orders;

(h)    failed to pay reporting time pay and split shift premiums;

(i)    violating the California Labor Code by  failing to pay Class member PTO at class members regular rate of pay;

(j)     violating the San Francisco's Paid Sick Leave Ordinance by failing to pay Class member SICK PAY at class members' regular rate of pay;

70. At all times material to this action, the defendants conduct described above is an unfair, unlawful, and/or fraudulent business practice in violation of California Business & Professions Code §§ 17200 et seq.

71. As alleged hereinabove, the defendants have inequitably and unlawfully conspired, agreed, arranged and combined to violate California labor laws, as alleged herein.

72. As set forth below, Plaintiffs and Class Members are informed and believe and thereupon allege, that by failing to pay wages to Plaintiffs and Class Members, Defendants have engaged in business within the State of California in a manner that injured competitors, lead to misrepresentations to the public about the manner in which Defendants engaged in business, and/or destroyed competition in violation of Business and Professions Code § 17043.  Upon information and belief, Plaintiffs alleges that Defendants engaged in the acts and omissions heretofore alleged for the purpose of profiting from lower labor costs, and obtaining an unlawful or unfair advantage, all in a scheme to engage in unfair competition, at the expense of their employees and to the detriment of public policy for the lawful employment of employees.

73. Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay all wages, including overtime wages, is admissible as evidence of Defendants' intent to violate the California Unfair Practices Act.

74. As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, Plaintiffs and Class Members have been denied due wages, both regular and overtime, all to their detriment and all to the defendant's illegal economic advantage.

75. As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, Plaintiff and Class Members have been denied due wages, both SICK PAY, vacation pay, and/or PTO, all to their detriment and all to the defendant's illegal economic advantage.

76. Plaintiff is informed and believe and thereon allege that the Defendants, and each of them, by committing the above-described acts, have deceived the public by illegally depriving Plaintiff and Class Members SICK PAY and PTO wages thus injuring its employees.

77. Plaintiffs are informed and believe and thereon allege that the Defendants, and each of them, by committing the above-described acts, have deceived the public by illegally depriving Plaintiffs and Class Members regular and overtime wages thus injuring its employees.

78. Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices.  Plaintiffs and Class Members seek restitution of all unpaid wages owing to him and members of the general public, according to proof, that the Defendants have enjoyed as a result of the unfair business practices.

79. Business and Professions Code § 17202 states: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

80. In addition to restoration of all wages owed, Plaintiffs and Class Members seek to enforce

penalties in the interest of themselves and in the interest of other employees of Defendants, and each of them, and in the interest of the general public pursuant to § 17202:

      a.    waiting time penalties (Labor Code § 203);

      b.    failure to maintain and make available for inspection accurate pay records

         (Labor Code § 226)

81. Unless equitable relief is granted, Plaintiffs and others similarly situated will continue to be subjected to Defendants' illegal conduct. Pursuant to Business and Professions Code §§ 17203, plaintiffs seeks a permanent injunction enjoining Defendants' continuing violations of California's Unfair Competition Law on the grounds that such acts described herein violate § 17200 of the Business and Professions Code and California's public policy.  Wherefore, Plaintiff prays judgment as set forth herein below.

***SIXTH CLAIM FOR RELIEF***
**SPLIT SHIFT PREMIUM PAY**
**(Wage Order No. 2-2001 ¶ 4)**
**(Against All Defendants)**

82.  Plaintiff, on her own behalf and on behalf of the Class members, incorporates the above allegations as if fully set forth herein

83. Paragraph 2(M) of the Wage Order defines "split shift" as a work schedule which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods." Paragraph 4(C) requires that "[w]hen an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday.

84.  As alleged above, Defendants routinely scheduled employees, including Plaintiff to work multiple shifts in the same day.

//

Complaint for Damages

1
2

### *SEVENTH CLAIM FOR RELIEF REPORTING TIME PAY*
**(Wage Order No. 2-2001 ¶ 5)**
**(Against All Defendants)**

3
4
5

85. Plaintiff, on her own behalf and on behalf of the Class members, incorporates the above allegations as if fully set forth herein.

6
7
8
9
10
11

86. IWC Wage Order No. 2-2001 provides, in pertinent part, as follows: Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

12
13
14
15
16

87.  As alleged above, Defendants routinely scheduled more hourly employees for each shift than were permitted to work their full shifts. When this happened, one or more employees (often including Plaintiff) would arrive at work only to be sent home before having worked half their scheduled shifts – and often before even clocking in.

17
18

88. Defendants did not pay those employees reporting time pay, in violation of paragraph 5 of the Wage Order.

19
20
21
22
23

89. As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of reporting time pay in amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

24
//
25
//
26
//
27
//
28

Complaint for Damages

1

2

3

4

5

6

### ***EIGHTH CAUSE OF ACTION***
### **(On Behalf of Plaintiffs and the Entire Class)**
### **Against All Defendants**
### **For Willful Violations of California Labor Code § 226.7 –**
### **Failure to Afford Mandatory Breaks or Meal Periods as Required by**
### **IWC Orders and Labor Code**
### (Against All Defendants)

7    90. Plaintiffs repeat and realleges the preceding and subsequent paragraphs as though set forth

8    herein.

9

10    91. At all times relevant, Plaintiffs and the Class members were covered by the provisions of

11    Industrial Wage Commission ("IWC") Orders.

12    92. The IWC Orders provide, in applicable part:

13

14    11. (A)  No employer shall employ any person for a work period of more than five (5) hours without

15    a meal period of not less than 30 minutes, except that when a work period of not more than six (6)
hours will complete the day's work the meal period may be waived by mutual consent of the
employer and employee.  In the case of employees covered by a valid collective bargaining
agreement, the parties to the collective bargaining agreement may agree to a meal period that
commences after no more than six (6) hours of work.

16

17

18    11. (B)  An employer may not employ an employee for a work period of more than ten (10) hours
per day without providing the employee with a second meal period of not less than 30 minutes,
except that if the total hours worked is no more than 12 hours, the second meal period may be
waived by mutual consent of the employer and the employee only if the first meal period was not
waived.

19

20

21

22    11. (C)  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period
shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal
period shall be permitted only when the nature of the work prevents an employee from being
relieved of all duty and when by written agreement between the parties an on-the-job paid meal
period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the
agreement at any time.

23

24

25

26    11. (D)  If an employer fails to provide an employee a meal period in accordance with the applicable
provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's
regular rate of compensation for each workday that the meal period is not provided.

27

28

Complaint for Damages

12. (A)  Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

12. (B)  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

93. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

94. Crunch, LLC routinely failed to provide Plaintiffs and the Class members with a 30-minute unpaid meal period within the first five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7.  Defendants routinely failed to provide Plaintiffs and the Class members with a second 30-minute meal period within the second five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7.  As a result of Defendants' failure, Plaintiffs and the Class members are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation for each workday that the meal period was not provided, and any and all civil penalties provided by law.

95. Crunch, LLC routinely failed to provide Plaintiffs and the Class members with a 10-minute paid rest period for each four (4) hour period of work, in compliance with IWC Orders and Labor Code § 226.7.  As a result of Defendants' failure, Plaintiffs and the Class members are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of

compensation for each workday that the rest period was not provided, and any and all civil penalties provided by law.

96. Crunch, LLC's policy and practice of denying Plaintiffs and the entire Class meal and rest periods constitutes a willful violation of California Labor Code § 226.7.  Plaintiffs and the entire Class have sustained damages as a direct and proximate consequence of the Defendants' willful and illegal conduct, to wit, they have been forced to work continuously throughout the day, every day, without being allowed to take meal and rest periods.

97. Plaintiffs have incurred, and will continue to incur attorney fees and costs in the prosecution of this action.  Plaintiffs seek attorneys' fees under all applicable provisions of law.  Wherefore, Plaintiffs prays judgment as set forth herein below.

### *NINTH CAUSE OF ACTION*
### (On Behalf of Plaintiff and the Entire Class)
### Against All Defendants
### For San Francisco Sick Leave Ordinance

98.  Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

99. At all times relevant, Plaintiff and the Class members were covered by the provisions of San Francisco Sick Leave Ordinance (San Francisco Administrative Code, Chapter 12w).

100.　　　Defendants have violated San Francisco Sick Leave Ordinance. Defendants have had a policy and practice of interfering with Plaintiff and Class Members' ability to take sick day, failing to provide notice to Plaintiff and Class Members of their right to paid sick leave at their regular rate of pay. Plaintiff and Class Members meet the various requirements (i.e. length of employment, temporal, geographic, not covered by a collective bargaining agreement, etc.) for paid sick days under San Francisco Sick Leave Ordinance.

Complaint for Damages

101.    San Francisco Sick Leave Ordinance requires that for every 30 hours worked after paid sick leave begins to accrue for an employee, the employee shall accrue one hour of paid sick leave. Paid sick leave shall accrue only in hour-unit increments; there shall be no accrual of a fraction of an hour of paid sick leave. For employees of small businesses, there shall be a cap of 40 hours of accrued paid sick leave. For employees of other employers, there shall be a cap of 72 hours of accrued paid sick leave. Paid sick leave for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick leave, whether or not the employee actually works overtime in that workweek.

102.    Defendants unlawfully withheld paid sick leave. The dollar amount of paid sick leave withheld from the employee multiplied by three, or $250.00, whichever amount is greater.

103.    Plaintiff request penalties and unpaid sick leave against Defendants as provided under San Francisco Sick Leave Ordinance, plus reasonable attorneys' fees and costs, in amounts to be provided at trial.

## TENTH CAUSE OF ACTION
## FAILURE TO PAY PTO ON TERMINATION (California Labor Code §§ 201-202 and 227.3)
## (by the PTO Subclass)
## Against All Defendants

104.    Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

105.    Once an employee accrues vacation time, that time is treated as compensation and cannot be forfeited without compensation.  Pursuant to Labor Code § 227.3, accrued but unused vacation time constitutes "wages" that must be paid to the employee at the employee's regular rate of pay at the time of termination.  An employer may not adopt policies that require forfeiture of vested vacation time without compensation.

Complaint for Damages

—

106.     Defendants' PTO policy constituted a vacation time policy subject to Labor Code § 227.3.

107.     Plaintiff CHAVEZ and members of the PTO subclass had accrued but unused vacation time upon their termination from employment with Defendants, but Defendants failed and refused to pay Plaintiff CHAVEZ, and the California PTO class the value of that time upon termination.    Accordingly, Defendants have violated California Labor Code provisions including, but not limited to, §§ 201, 202 and 227.3. Plaintiff and the PTO class are entitled to recover unpaid wages for all unused vacation time.

***ELEVENTH* CAUSE OF ACTION**
**(On Behalf of Plaintiffs and the Entire Class)**
**Against All Defendants**
**For Unjust Enrichment**

108.     Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

109.     By taking advantage of Plaintiffs' and Class members, Defendants, and each of them, were unjustly enriched at Plaintiffs' and Class members' expense.  Crunch, LLC gained an advantage by denying Plaintiffs and Class members regular and overtime wages, miscalculation of overtime rate, meal and rest periods and failure to maintain accurate pay records: including all hours worked, split shifts and/or the inaccurate overtime rate of pay. As a proximate result, Plaintiffs and Class members suffered damages.  The interests of equity require that Defendants pay restitution and penalties for violating the Labor Code and Business and Professions Code.  Wherefore, Plaintiffs prays judgment as set forth herein below.

110.     By taking advantage of Plaintiff' and Class members, Defendants, and each of them, were unjustly enriched at Plaintiff' and Class members' expense.  Crunch, LLC gained an advantage by

miscalculating of SICK PAY and PTO rate of pay and failure to maintain accurate pay records.  As a proximate result, Plaintiff and Class members suffered damages.  The interests of equity require that Defendants pay restitution and penalties for violating the Labor Code, San Francisco Sick Leave Ordinance, and Business and Professions Code.  Wherefore, Plaintiff prays judgment as set forth herein below

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs and Class Members pray for judgment against Defendants, and each of them, as follows:

a.) Certifying this action to proceed as a class action pursuant to Federal Rules of Civil Procedure  and designating Plaintiff as the representative of the Class and his counsel as counsel for the Class;

b.) For damages for unpaid wages, including regular and overtime wages, and such general and special damages as may be appropriate, according to proof at trial;

c.) For statutory penalties pursuant to California Labor Code Section 226;

d.) For liquidated damages;

e.) Waiting time penalties for failure to timely pay all wages upon discharge;

f.) Declaring that the concerted violations alleged herein constitute unfair competition in violation of California's Unfair Competition Law, San Francisco Sick Leave Ordinance (San Francisco Administrative Code, Chapter 12w), and violations of California's Labor Code;

g.) Permanently enjoining Defendants from continuing to engage in the unlawful concerted conduct described herein;

h.) Equitable remedies, including but not limited to, an equitable accounting, as the court deems just and proper under the circumstances;

i.) Granting Plaintiff the costs of prosecuting this action, together with interest and

Complaint for Damages

reasonable attorneys' and experts' fees;

j.)  For all economic and non-economic damages;

k.)  Granting such other relief as this Court may deem just and proper under the

circumstances.

## JURY DEMAND

To the full extent available, Plaintiffs demands a trial by trial.

Dated:   April 8, 2020                                   **Ladva Law Firm**

By:  _/s/ Ashwin Ladva_____
                                                     Ashwin Ladva, Esq.

27

Complaint for Damages